WESTON *vs.* CHAMBERLAIN.

In an action for a breach of warranty, where the whole subject matter of the covenant has not failed, but there is only a partial failure, in the absence of any fraud, the vendee cannot return the property and recover the consideration price.

And that being so, he cannot, while retaining a part of the subject matter, recover as if there had been a total failure; unless there be proof that what remains is wholly valueless.

In an action for breach of a covenant, in an assignment of a judgment, that the amount of the judgment is due, and that neither of the judgment debtors has been discharged, the expenses of attempting to enforce the judgment, being properly averred, in the complaint, may rightfully be allowed as one of the items of damage.

THIS is an appeal from a judgment entered on a verdict given by direction of the court.

The cause was tried at the New York circuit in November, 1868, Hon. Noah Davis presiding.

The complaint alleges that the defendant sold and assigned to the plaintiff a judgment against one Blanchard and two others, and in the assignment covenanted that neither of the judgment debtors had been released therefrom. That previous to the assignment Blanchard had been released from the judgment. That an order was subsequently made by the court, on Blanchard's application, cancelling the judgment against him, and that the plaintiff paid counsel fees and incurred expenses in defending the motion. The complaint also contained a count in fraud, but it was expressly abandoned on the trial.

The answer controverts all the material allegations of the complaint, and alleges that the plaintiff is not the real party in interest, but that the judgment was purchased for, and is owned by, said Blanchard.

The proceedings upon Blanchard's motion to have the judgment declared satisfied as against him, and the order made thereon, were received in evidence against the defendant's objection. And the court held the defendant

estopped thereby from proving that Blanchard had not been released. It was proved that previous to the commencement of this action, execution was issued on the judgment against Blanchard, and returned unsatisfied.

But no execution was issued against the property of the other judgment debtors until March 27, 1868, nearly two years after the action was commenced; and it did not appear whether said execution was issued to the proper county. A motion to strike out this execution was denied, and no attempt was made to prove that the judgment might not have been collected of the debtors not released, at any time prior to the commencement of this action. The roll of the judgment assigned was put in evidence, and it appeared therefrom that the judgment was obtained on a note of which Blanchard was indorser, and the other judgment debtors the makers. The defendant offered to prove that Blanchard was wholly insolvent; that he made a general assignment for the benefit of his creditors, just previous to the transfer of the judgment, and that at no time since the recovery of the judgment was he worth anything; but the offer was rejected. The court held that the consideration of the assignment had failed in consequence of the release of Blanchard, and that the plaintiff could therefore recover back the money paid. The defendant's counsel asked to go to the jury upon the question as to who was the real party in interest in the action, and requested the court to charge the jury that if the plaintiff was not the real party in interest he could not recover. These requests were denied. The judge declined to charge, at the defendant's request, that the plaintiff could not recover back the consideration money without tendering back the judgment. The plaintiff's counsel subsequently tendered an assignment of the judgment to the defendant, on the trial. A verdict was directed by the court for the plaintiff, for the amount of the consideration money paid,

and interest, and $250 counsel fee for opposing motion for a discharge, in all $941.74.

The defendant appealed.

*B. C. Thayer*, for the appellant.

I. 1. The abandonment of the count in fraud left the action resting upon the defendant's covenant that neither of the judgment debtors had been released. To establish a breach of this covenant the plaintiffs sought to prove that one of the three debtors had been released from the judgment before the execution of the assignment. Assuming that the plaintiff succeeded in establishing the affirmative of the issue, he was entitled to recover of the defendant nominal damages, and such substantial damages as he had actually sustained, and as naturally resulted from the breach of the covenant. It is an elementary principle applying to every species and form of action at law, that actual compensation is only given in cases of actual injury. "The object of the suit is to obtain remuneration for loss actually sustained." "If it appears that though the defendant is in fault, still if the plaintiff is not injured he can have no relief. It is *injuria sine damno.*" (*Sedgwick on Measure of Damages, p.* 46, 2d ed.) The single exception, or rather qualification of the rule above quoted, is that for every breach of an agreement or invasion of a right, the law infers some damage, and in the absence of evidence of the particular loss, declares the right by awarding nominal damages. (*Id.* 47.) But to the rule that no actual, or, as they are technically termed, *substantial* damages will be awarded where none are proved to have been sustained, there is absolutely no exception.

2. The covenant on which the action was brought was a warranty on the sale of a chattel. The warranty related to the value of the judgment sold and conveyed by the assignment. It makes no difference that the warranty was

under seal, and assumed the form of a covenant, &c.   "If
the contract relates to personal property, the measure of
damages is the same, whether it be sealed or unsealed,
and, consequently, whether the remedy be by covenant
or assumpsit." (*Sedgwick on Damages*, 370.)   The meas-
ure of damages for breach of a warranty accompanying the
sale of personal property is well settled to be the difference
between the value of the article at the time of sale, con-
sidering it as corresponding with the warranty, and its
value with the defect complained of. (*Muller* v. *Eno*,
14 *N. Y. Rep.* 597, 604. *Jansen* v. *Ball*, 6 *Cowen*, 628.
*Bennett* v. *Buchan*, 5 *Abb. N. S.* 412.)   The last two cases
above cited were, like the present, actions upon a cove-
nant of warranty contained in an assignment of a judg-
ment.   In *Johnson* v. *Ball*, the defendant had covenanted
that the full amount of the judgment described in the
assignment by date and amount was due and unpaid.   The
breach proven was that no such judgment had ever been
obtained.   The Supreme Court held that the measure of
damage for the breach of the covenant was the amount of
property which the party described as judgment debtor
had, and which might have been taken on execution after
the assignment, and before the commencement of the
action, though that amount was far less than the amount
covenanted to be due on the judgment.   In *Bennett* v.
*Buchan*, the covenant was, "that there is now due on the
said judgment the sum of $1038.46, and interest from
September 2, 1861, and that they will not collect or recover
the same, nor any part, nor release or discharge the said
judgment."   It was proved that one of the parties against
whom the judgment had been obtained, had been released
therefrom prior to the assignment; that the party so re-
leased was entirely solvent, and that the judgment debtors
who remained liable to pay the same were wholly insolvent.
This court, at general term, held that the measure of dam-
ages for the breach of the covenant was the amount (ten

Weston *v.* Chamberlain.

per cent of the whole amount) which the party released had paid upon the judgment. 3. Whether the plaintiff had sustained any damage by reason of the breach of the defendants's covenant depended upon the question whether the judgment was of any less value in consequence of Blanchard having been released therefrom. His release did not affect the liability of the other debtors. (*Laws of* 1838, *ch.* 257. *Laws of* 1845, *ch.* 348. 21 *Barb.* 531.) If, therefore, Blanchard was *insolvent,* or either of the other two debtors were *solvent,* the value of the judgment was in no manner affected by Blanchard's release; and though the defendant's covenant might be technically broken, the plaintiff sustained no damage thereby, and could recover nothing beyond nominal damages. It was for the plaintiff to prove what damages, if any, he had sustained. But instead of making any such proof, the case as made by him presumptively showed that he had sustained no damage. Execution had been issued against Blanchard, and returned unsatisfied; the legal presumption was that he was insolvent, and that the judgment could not be collected of him. But no effort had been made to collect of the two other debtors prior to the commencement of this action, and it is to be presumed that the judgment might have been collected of *them.* But the defendant offered to take the onus upon himself, and prove conclusively that the plaintiff had sustained no damage. He offered to show that Blanchard was insolvent, and that he had been entirely worthless ever since the recovery of the judgment.

II. "The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this; and if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him." (*Hamilton* v. *McPherson*, 28 *N. Y. Rep.*

72.) 1. It was the imperative duty of the plaintiff, before resorting to an action upon the defendant's covenant, to ascertain by reasonable exertion whether the judgment might not be collected of the two Richardsons, the parties who remained liable to pay the same. The least effort he could have reasonably made, would have been to issue an execution against their property to the sheriff of the county where the judgment debtors, not released, resided. Until this was done, it could not be demonstrated whether the plaintiff had sustained any damage in consequence of the breach of the covenant, and until execution was so issued to the proper county, and returned either wholly or in part unsatisfied, the plaintiff could not lawfully recover anything more than nominal damages. 2. In the absence of evidence to the contrary, it is to be presumed that the Richardsons, the makers of the note upon which the judgment assigned was obtained, and against whom the judgment still remains in full force, were each solvent, and that the judgment might have been collected of either of them, at any time after the assignment thereof, and at the time this action was commenced. (*Walrod* v. *Ball*, 9 *Barr*, 271. *Potter* v. *Merchants' Bank*, 28 *N. Y. Rep.* 655.)

III. The learned judge very plainly erred in holding that this was a case of failure of consideration. It is difficult to understand how he could have entertained this view, unless it was upon an entire misapprehension of the facts. The judgment assigned is against three debtors. The proposition that the prior release of one of the three, the judgment remaining in full force against the other two, constitutes a failure of consideration, seems too plainly erroneous to admit of argument. But, when we consider that the party thus released was entirely worthless, and that the two who remained liable were each solvent, the proposition becomes not merely erroneous, but with all respect to the learned judge, it is absurd. Not only was this remarkable decision made as the law of the case, but

Weston *v.* Chamberlain.

the learned judge went further, and held that the plaintiff might recover back the consideration paid, without reassigning, or offering to reassign the judgment to the defendant. That the plaintiff might hold on to all he obtained under the assignment, and at the same time recover of the defendant all the consideration he had received for assigning the property. In other words, that the plaintiffs might, at the same time, affirm and disaffirm the contract; accept its benefits and repudiate its obligation. We submit, 1. That it has been repeatedly and uniformly held that when anything of the smallest value to either party passes by the contract of sale, there is no failure of consideration. (*Welsh* v. *Carter*, 1 *Wend.* 186. *Whitney* v. *Lewis*, 21 *id.* 131. *Tallmadge* v. *Wallis*, 25 *id.* 106. *Johnson* v. *Titus*, 2 *Hill*, 606. *Winslow* v. *Buel*, 11 *How.* 373. *Seymour* v. *Wilson*, 19 *N. Y. Rep.* 417.) If all the debtors had been released instead of *one* of the *three*, the assignment with a covenant of warranty would have furnished a sufficient consideration for payment by the plaintiff of the purchase price. (21 *Wend.* 135.) 2. If the defendant had the right to rescind the contract on the discovery of the release of Blanchard, he was bound to make his election and exercise the right with promptness, if he desired to avail himself thereof. (*Baldwin* v. *Van Deusen*, 37 *N. Y. Rep.* 487, 489.) The plaintiff elected to seek his remedy upon the covenants of the contract; he sues upon and thereby affirms it. He never sought to rescind the sale. He even issued execution upon the judgment, thereby claiming the title to it, and the right to enforce it after the commencement of this action, and about thirty days prior to the trial. 3. In order to disaffirm the contract, and claim a return of the consideration paid by him, it was indispensable that the plaintiff should offer to reassign the judgment to the defendant before the commencement of any action. (*Goelth*

v. *White,* 35 *Barb.* 76. *Nichols* v. *Michael,* 23 *N. Y. Rep.* 264, 267. *King* v. *Fitch,* 1 *Keyes,* 452.) The offer by the plaintiff, on the trial, to reassign the judgment, the court held to be unnecessary, and it was certainly nugatory. It was an attempt to make out a cause of action two years after the action was commenced. 4. But the defendant had no right to rescind the contract, and would have had none even if the judgment had been, as it was not, valueless. The purchaser of an article of personal property has no right to rescind the sale, and return the property on account of a breach of warranty, where there is no fraud and no agreement that the property may be returned. (*Muller* v. *Eno,* 14 *N. Y. Rep.* 601, 602. *Gillespie* v. *Torrance,* 25 *id.* 310. *Reed* v. *Randall,* 29 *id.* 373.)

IV. The learned judge erred in receiving in evidence the proceedings on Blanchard's motion to have the judgment marked canceled as against him, and in holding the defendant estopped thereby from proving that Blanchard had not been released. It appears from the evidence that the defendant was not represented in that proceeding, and had no control thereof. And it does not appear that any opportunity to defend was given him. He was not, therefore, in any sense, privy to the proceedings.

V. The learned judge also erred in refusing to submit to the jury the question as to who was the real party in interest. (*Code,* § 111.) The answer alleged that the judgment was purchased and assigned for the benefit of Blanchard, and there was evidence from which the jury might have found that fact. If Blanchard was the real party in interest there could be no recovery in this action.

*T. C. T. Buckley,* for the respondent.

I. The case is a very simple one. The defendant assigned to the plaintiff on the 24th of August, 1864, in consideration of $550, which he admits was paid, a judgment

against three persons, and covenants that neither has been discharged. It appears that on the 8th of April, 1863, one had been released, and that thereby proceedings to collect the same against him were ineffectual. On the plainest principles of law the money paid is recoverable back, and the expenses. (*Chester* v. *The Bank of Kingston*, 16 *N. Y. Rep.* 340. *Bonesteel* v. *Vanderbilt*, 21 *Barb.* 26. *Delaware Bank* v. *Jarvis*, 20 *N. Y. Rep.* 228.)

II. The only question is whether the evidence, offered to show that such release had been given, was competent, and whether it estopped the defendant from litigating that question over again. The court, at the trial, held that it was, and that the defendant was estopped. This ruling was in nowise erroneous, but in direct accordance with the case of *Demarest* v. *Darg*, (32 *N. Y. Rep.* 281, 289.) The objection that Chamberlain was not a party to these proceedings is without foundation in fact.

III. The evidence offered, as to the pecuniary condition of Blanchard, at the time the judgment was assigned, was properly excluded, for the reason that the consideration had failed, in consequence of the release.

IV. The execution against the Richardsons, and the sheriff's return thereof, having been admitted without objection, the judge was right in refusing to strike it out as requested by the defendant's counsel. There was nothing to submit to the jury on the question as to who was the real party in interest. The plaintiff had the legal title created by the defendant's act, and was the proper party to sue. (*See* 29 *N. Y. Rep.* 627, *and cases cited.*) No tender back of the judgment was necesary, to recover the consideration, and the court properly refused so to charge; but if such refusal were error, it did not prejudice the defendant, as the plaintiff's counsel complied with the request.

*By the Court,* CARDOZO, J.   The judge at the trial applied to this case the rule of damages which would obtain if the plaintiff had shown a total failure of consideration.   This was error.   There had not been a total failure of consideration, for the judgment still remained in full force and uncollected, as against the Richardsons, although Blanchard had been released from it.   The case, therefore, being relieved of the element of fraud, by the concession of the plaintiff on the trial, presents itself simply as an action for a breach of warranty where the whole subject matter of the covenant has not failed.   In such a case—a partial failure—there being no fraud, the vendee cannot return the property and recover the consideration price, even if (which he did not do here) he had offered to do so.   (*Muller* v. *Eno,* 14 *N. Y. Rep.* 597.)   And if he cannot do that, it is manifest that he cannot, while retaining part of the subject matter, recover as if there had been a total failure, unless indeed there be proof that what remained was wholly valueless, which cannot be said to be shown here, because there is no evidence upon the subject, except the issuing and return of execution unsatisfied two years after this suit.   There is no presumption, from that fact, that the Richardsons were insolvent for any considerable period previously.

In the cases cited by the plaintiff's counsel, (16 *N. Y. Rep.* 340 ; 21 *Barb.* 26 ; 20 *N. Y. Rep.* 228,) there was a total failure of consideration, and they are therefore inapplicable, except the last mentioned case, which is an authority for the proposition, which I do not doubt, that the expenses of attempting to enforce the judgment against Blanchard, being properly averred in the complaint, could rightfully be allowed in this action as one of the items of damage.   But the difficulty is that the judge directed the jury, against the defendant's exception, to give the plaintiff a verdict, not only for those expenses, but also for the whole purchase money, to which, as we have seen, he was

not entitled; it not being a case of total failure, and there being in fact, except as to the expenses, no evidence to show to what damages the plaintiff was entitled.

The judgment must be reversed, and a new trial ordered, costs to abide event.

[NEW YORK GENERAL TERM, April 4, 1870. *Ingraham, Cardozo* and *Geo. G. Barnard,* Justices.]